In re SURE–SNAP CORPORATION, a New York corporation, Debtor.

Elaine SHURE, both individually and for the Use and Benefit of SURE–SNAP CORPORATION, a New York corporation and Debtor in Possession, Plaintiff,

v.

The STATE OF VERMONT, acting By and Through the VERMONT INDUSTRIAL DEVELOPMENT AUTHORITY, Bradford National Bank, as Trustee of Two (2) Industrial Development Revenue Bonds (Sure–Snap Corporation Issue, Series A) issued by the Vermont Industrial Development Authority, Bradford National Bank, and State Street Bank & Trust Company, Defendants.

Bankruptcy No. 87–00985–BKC–SMW. Adv. No. 88–0200–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

June 20, 1988.

---

Irving M. Wolff, Holland & Knight, Miami, Fla., for plaintiff Elaine Shure.

Patrick A. Barry, Blackwell Walker Fascell & Hoehl, Ft. Lauderdale, Fla., for plaintiff Sure-Snap Corp.

Charles W. Throckmorton, Kozyak Tropin & Throckmorton, P.A., Miami, Fla., for defendant Bradford Nat. Bank.

David R. Softness, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, Fla., for State Street Bank and Trust Co.

William Griffin, Chief Asst. Atty. Gen., State of Vt., Montpelier, Vt.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE, having come before the Court upon plaintiffs' complaint to determine the validity, priority and extent of the liens of Bradford National Bank (as trustee under certain industrial development revenue bonds) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 157(a) and (b) and § 1334(b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b).

On April 27, 1984, the State of Vermont (acting by and through Vermont Industrial Development Authority, a body corporate and politic, and a public instrumentality of the State of Vermont) issued two (2) Industrial Development Revenue Bonds, each in the amount of $600,000.00, and $150,000.00 respectively, known as being "Sure–Snap Corporation Issue, Series A" bearing date on the face thereof of March 1, 1984. These Bonds were purchased by Bradford National Bank ("Bradford") and State Street Bank and Trust Company ("State Street"). Bradford purchased the $150,000 bond and State Street purchased the $600,000 bond. These two bonds are collectively referred to as the "Bonds."

The proceeds of the Bonds were used to (i) purchase certain real estate in the Town of Bradford, Vermont and (ii) construct a 30,000 square foot steel-frame industrial building on the real estate to be leased by the Shures to Sure–Snap Corporation (the "industrial plant"). The industrial plant was titled in the names of Alfred Shure and Elaine Shure.

On April 27, 1984 Sure–Snap Corporation and Alfred Shure (for himself and as attorney in fact for Elaine Shure under a power of attorney made by her on April 6, 1984) delivered to the State of Vermont a Mortgage and Security Agreement (the "Mortgage").

The Mortgage created a first lien on the industrial real property to secure, among other things, payment of the Bonds, all as provided in the Mortgage.

In the Mortgage, Alfred Shure, Elaine Shure, and Sure–Snap Corporation also granted to the State of Vermont a first priority security interest in certain personal property described in Schedule A to the Mortgage.

The State of Vermont, acting by and through the Vermont Industrial Develop-

ment Authority ("VIDA"), as recited in the Mortgage, immediately assigned its interest as mortgagee and secured party to Bradford National Bank, as Trustee.

The mortgage provided for a variable rate of interest not to exceed 14% per annum.

The Shures and Sure–Snap Corporation have been in default under the Mortgage and Security Agreement since April 1987. As of May 31, 1988, the balance due to Bradford National Bank, as Trustee, was $705,346.26, exclusive of any costs, attorneys' fees, or other obligations that may be secured by the Mortgage. There remains a dispute as to the proper amount, if any, to be credited against this figure, which the Court will resolve at a later date.

VIDA has never applied for or received a license under 8 Vt.Stat.Ann. § 2201.

Plaintiff, Elaine J. Shure, commenced this adversary proceeding to seek a declaration by the Court that the obligations and liens created by the Mortgage are void pursuant to 8 Vt.Stat.Ann. § 2201 *et seq.* By Order dated May 31, 1988, this Court permitted the Debtor, Sure–Snap Corporation, to intervene as a party plaintiff. Plaintiffs argue that VIDA (the entity through which the Bonds were issued) was not licensed to lend money under Vermont's "Licensed Lenders Act," 8 Vt.Stat. Ann. §§ 2201–2235. Under 8 Vt.Stat.Ann. § 2233, they contend that the indebtedness, and the accompanying liens, are null, void and unenforceable. For the reasons stated below, the Court rejects plaintiffs' arguments.

The operative section of the Vermont Licensed Lenders Act is 8 Vt.Stat.Ann. § 2201, which provides:

No person, partnership, or association, or corporation other than a bank, savings and loan association, credit union, pawnbroker, insurance company or seller of the merchandise or service financed shall engage in the business of making loans of money, credit, goods or things in action and charge, contract for or receive on any such loan a rate of interest, finance charge, discount or consideration therefore greater than twelve percent

per annum without first obtaining a license under this section, § 1921 of this title, or §§ 2352 and 2402 of Title 9 from the commissioner.

By contrast, the statute which creates the Vermont Industrial Development Authority, 10 Vt.Stat.Ann. § 213(a), provides:

The Vermont industrial development authority is hereby created and established as a body corporate and politic and a public instrumentality of the state. The exercise by the authority of the powers conferred upon it in this chapter constitutes the performance of essential governmental functions.

The Court finds that the Vermont Industrial Development Authority, being a "body corporate and politic and a public instrumentality of the state" engaged in "the performance of essential governmental functions", is not a "person, partnership, association, or corporation" within the scope of § 2201 of the Licensed Lenders Act.

In support of their position, plaintiffs have cited *In re: Burke Mountain Recreation, Inc.*, 64 B.R. 799 (Bkrtcy.D.Vt.1986), and the as yet unreported decision of *Vermont Development Credit Corp. v. Kitchel*, 544 A.2d 1165 (Vt.1988). Both cases are inapposite because they dealt with the applicability of the Licensed Lenders Act to the Vermont Development Credit Corporation ("VDCC"). Unlike VIDA, which is an instrumentality of the State of Vermont performing essential governmental functions, VDCC is a privately chartered corporation.

The Court finds that VIDA is not required to be licensed under the Licensed Lenders Act, and therefore finds it unnecessary to reach the other contentions advanced by the parties. Plaintiffs have asserted no other ground for the alleged invalidity of the indebtedness and liens.

The Court therefore holds that the indebtedness of Elaine Shure, Alfred Shure and Sure–Snap Corporation to Bradford National Bank, as Trustee, is valid and enforceable in all respects, and that the lien and security interest created by the Mort-

gage is a valid and enforceable first priority lien in all property described in the Mortgage in all respects.

A separate Final Judgment of even date has been entered in conformity herewith.